■ In the Matter of KEELIN E., Respondent. GREER-WOODYCREST CHILDREN'S SERVICES, Appellant. In the Matter of HARRY W., Respondent. GREER-WOODYCREST CHILDREN'S SERVICES, Appellant.—Appeals from the order, Family Court, New York County, entered May 27, 1977, dismissing the Person in Need of Supervision (PINS) petition against Keelin E. and from the order Family Court, New York County, entered July 20, 1977, dismissing the Person in Need of Supervision petition against Harry W. are dismissed, without costs and without disbursements. Both respondents are infants who were placed by their guardians with the Department of Social Services, who in turn placed them with petitioner Greer-Woodycrest. Under a contract between Department of Social Services and petitioner, Department of Social Services purchased child-care services. Petitioner was given authority to act as agent for Department of Social Services, agreeing that it would get the approval of Department of Social Services before instituting a petition to have any of its charges adjudged a PINS. If such approval were not forthcoming, petitioner agreed to be bound by the decision. The court below dismissed both petitions and, without ascertaining whether there had been notice to or approval by Department of Social Services, noted that primary responsibility to the children was by Department of Social Services and that petitioner lacked standing to institute the proceedings. Respondent Keelin was formally discharged from petitioner's care on June 12, 1978, and is presently residing at a Division for Youth's group home which is not affiliated with the appellant agency. Harry W. is also out of agency care and has resided with his grandmother for approximately a year. Since both respondents are no longer in Greer's custody the petitioner's appeals are moot. If we were not dismissing this appeal for mootness, we would reverse and reinstate the petition. Subdivision (d) of section 733 of the Family Court Act clearly confers standing upon petitioner as "the recognized agents of any duly authorized agency, association, society, or institution" to originate a proceeding to adjudicate a person to be in need of supervision. Although the agreement between the petitioner and the Department of Social Services

limits the petitioner's authority with respect to the infant charges placed in their custody by Department of Social Services, that constitutes an issue properly to be considered by the court in deciding to grant or deny the petition, but it cannot act to deprive petitioner of the standing conferred by the Family Court Act to institute a PINS petition. Concur—Birns, J. P., Evans, Lane and Sullivan, JJ.